## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF VIRGINIA
#### (Lynchburg Division)

|  |  |
|---|---|
| In re: | ) |
| | ) |
| ZYGEM CORPORATION, | )   Case No. 13-60776 |
| | ) |
| Debtor. | ) |
| | ) |

**TRUSTEE'S MOTION FOR ENTRY OF ORDERS (I) (A) ESTABLISHING BID PROCEDURES RELATED TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO CONSIDER THE SALE, (C) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION, (D) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS (E) AUTHORIZING PAYMENT OF AN INCENTIVE FEE TO MANAGEMENT OF MICROLAB DIAGNOSTICS, INC. AND (F) GRANTING RELATED RELIEF; AND (II) (1) APPROVING ASSET PURCHASE AGREEMENT AND AUTHORIZING THE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS, (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (3) GRANTING RELATED RELIEF**

William F. Schneider, Chapter 7 Trustee ("**Trustee**") for the estate of ZyGEM

Corporation (the "**Debtor**"), by counsel, hereby moves the court pursuant to sections 105, 363,

365, 503 and 507 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the

"**Bankruptcy Code**"), for (i) entry of an order in substantially the form annexed hereto as

**Exhibit A** (the "**Bid Procedures Order**") (a) approving bid procedures (the "**Bid Procedures**")

---

Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for the Trustee*



FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

JAN 24 2014

By _____
    DEPUTY CLERK

for the sale of substantially all of the assets of the Debtor, (b) scheduling a final hearing (the "**Sale Hearing**") to consider approval of the sale, (c) approving the form and manner of the notice of the sale by auction, (d) establishing procedures for noticing and determining cure amounts for the assumption and assignment of certain executory contracts and unexpired leases, (e) authorizing payment of an incentive fee to management of MicroLab Diagnostics, Inc. and (f) granting related relief; and (ii) entry of an order (the "**Sale Order**") (1) approving the sale (the "**Transaction**" or the "**Sale**") free and clear of all liens, claims, encumbrances and interests, (2) authorizing the assumption and assignment of certain executory contracts and unexpired leases and (3) granting related relief (the "**Motion**"). In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105, 363, 365, 503 and 507 of the Bankruptcy Code and Rules 2002, 6004, 6006, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

4.      On April 10, 2013, LeClairRyan, Paul Kinnon, Gary Levine, BioCom Partners, and Vision Resources, GBP (collectively, the "**Petitioning Creditors**") filed an involuntary petition (the "**Involuntary Petition**") under chapter 7 of the Bankruptcy Code against the Debtor.

2

5.    The Order for Relief was entered on June 19, 2013, under chapter 7 of the Bankruptcy Code (the "**Involuntary Order**").

6.    On June 20, 2013, the Trustee was appointed chapter 7 trustee in this case.

7.    On September 12, 2013, the Trustee commenced adversary proceeding number 13-06079 (the "**Adversary Proceeding**") in this Court by filing of a Complaint seeking (i) a determination from the Court that MicroLab Diagnostics, Inc. ("**MicroLab**") and ZyGEM Corporation, Limited ("**ZyGEM Limited**," and together with MicroLab, the "**Subsidiaries**") are wholly owned subsidiaries of the Debtor and constitute property of the bankruptcy estate pursuant to section 541 of the Bankruptcy Code, (ii) an order requiring any entity attempting to exercise control of the Subsidiaries to turnover the Subsidiaries and their assets to the Trustee pursuant to Bankruptcy Code section 542, (iii) an order avoiding any transfer of the Subsidiaries as constituting fraudulent transfers pursuant to Bankruptcy Code section 548, and (iv) in the alternative, a determination by this Court that the Subsidiaries equitably constitute property of the Estate.

8.    On December 11, 2013, the Court entered its Judgment Order in the Adversary Proceeding (the "**Judgement Order**") finding, among other things, that the Subsidiaries constitute wholly-owned subsidiaries of the Debtor. The Judgment Order also identified specific assets of the Debtor and the Subsidiaries. A copy of the Judgment Order is attached hereto as Exhibit B.

9.    Since his appointment, the Trustee has been approached by a number of parties regarding the purchase of all or a portion of the Debtor's assets. Although these discussions have not resulted in a formal offer for the Debtor's assets, based on certain deadlines in the Debtor's

case and the fact that the Trustee does not have funds to make payroll for the MicroLab employees, the Trustee believes that it is in the best interest of the Debtor, its estate, creditors and other stakeholders to sell substantially all of the Debtor's assets through an auction and the subsequent entry into an asset purchase agreement (the "**APA**") with the winning bidder at the auction. This Transaction would allow a significant portion of the Debtor's business to continue operations as a going concern thereby maximizing recovery for the Debtor's creditors and potentially preserving many of the jobs of the MicroLab employees.

### Proposed Sale of Substantially All of the Debtor's Assets

10.     Subject to Court approval, the Trustee will sell and the holder of the Successful Bid (the "**Successful Bidder**") will purchase the Purchased Assets (as defined in the APA) pursuant to the terms of the APA, which includes the following principal terms:[1]

11.     The Purchased Assets consist of (i) either (a) substantially all of the assets of the Debtor including its 100% ownership in the Subsidiaries or (b) substantially all of the assets of the Debtor, MicroLab, and ZyGEM Limited, and (ii) the Contracts identified in the APA, except to the extent the Successful Bidder expressly designates any such assets as Excluded Assets. In addition, under the APA, the Successful Bidder will propose to assume (i) the Assumed Liabilities; and (ii) all executory obligations of the Debtor under the Assumed Contracts. The Purchased Assets will be conveyed "AS IS, WHERE IS, WITH ALL FAULTS," with no representations or warranties whatsoever expressed or implied.

---

[1]  This summary of the APA is provided for the benefit of the Court and other parties in interest. The APA proposed to be executed by the parties will be substantially in the form to be filed by the Trustee as <u>Exhibit C</u> to this Motion. To the extent there are any conflicts between this summary and the APA, the terms of the APA shall govern. Capitalized terms used but not defined in this summary shall have the meanings set forth in the APA.

12.     The Trustee believes that the terms of the proposed Transaction, as set forth in the APA, are fair and equitable. The Trustee intends to utilize the marketing process described in the Bid Procedures set forth below to ensure that the consideration received for the Purchased Assets represents the best and highest value that can be achieved for the assets of the Debtor's estate.

13.     The Trustee reserves the right to modify the proposed Transaction to sell the Subsidiaries' assets as the sole shareholder of the Subsidiaries as opposed to the Debtor's interest in the Subsidiaries to the extent necessary to maximize the value of the Debtor's assets.

## Proposed Bid Procedures

14.     In furtherance of his marketing efforts, the Trustee intends to conduct an auction in which he will consider offers from third parties to purchase the Purchased Assets on terms and conditions similar to those set forth in the APA. To facilitate those efforts, the Trustee requests that the Court establish the Bid Procedures, attached as Exhibit 1 to the Bid Procedures Order, which includes the following principal terms:[2]

a.      Participation Requirements. In order to participate in the bidding process, each person (a "**Potential Bidder**") must first deliver to counsel for the Trustee, not later than February 12, 2014 at 5:00 p.m. (Eastern Time), the following items (collectively, the "**Participation Requirements**"):

i.      Confidentiality Agreement. An executed confidentiality agreement in form and substance reasonably acceptable to the Trustee (each a "**Confidentiality Agreement**"); and

ii.     Proof of Financial Ability to Perform. The most current audited (if available) and latest unaudited financial statements of the Potential Bidder,

---

[2] This summary of the Bid Procedures is provided for the benefit of the Court and other parties in interest. The proposed Bid Procedures, which are incorporated herein by reference, are attached as **Exhibit 1** to the Bid Procedures Order, which is attached hereto as **Exhibit A**. To the extent there are any conflicts between this summary and the Bid Procedures, the terms of the Bid Procedures shall govern. Capitalized terms used but not otherwise defined in this summary shall have the meanings set forth in the Bid Procedures.

or such other form of financial disclosure evidencing the Potential Bidder's ability to close the Sale, the sufficiency of which shall be determined by the Trustee in his reasonable discretion.

b.  <u>Access to Due Diligence Materials</u>. Upon satisfaction of the Participation Requirements, any Potential Bidder (thereafter to be deemed a "**<u>Qualified Bidder</u>**") that wishes to conduct due diligence on the Purchased Assets shall be provided with additional information regarding the Business and access to MicroLab's employees for further information.

c.  <u>Bid Deadline.</u> Any Qualified Bidder interested in participating in the Auction must submit a Qualifying Bid (as defined below) on or before February 12, 2014 at 5:00 p.m. (Eastern Time) (the "**<u>Bid Deadline</u>**") in writing to: (i) William F. Schneider, Chapter 7 Trustee for the estate of ZyGEM Corporation, 715 Court Street, P.O. Box 739, Lynchburg, Virginia 24505; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel.

d.  <u>Qualifying Bids.</u> Absent prior agreement by the Trustee, in his reasonable discretion, in order to participate in the bidding process and Auction, each Qualified Bidder must submit a "**<u>Qualifying Bid</u>**" in writing by the Bid Deadline. To constitute a Qualifying Bid, a Bid must comply with the following conditions:

a)  <u>Writing.</u> A Bid must be in writing and it must state that such Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Purchased Assets on terms and conditions that are substantially the same or better than the terms of the APA.

b)  <u>Modified APA.</u> A Bid shall include a clean and duly executed APA (the "**<u>Modified APA</u>**") and a black-lined copy reflecting all of the variations from the APA.

c)  <u>Purchased Assets.</u> Each Bid shall be for, directly or indirectly, 100% of the Purchased Assets for consideration consisting of cash only and the assumption of substantially all liabilities required to be assumed by Purchaser under the APA.

d)  <u>Executory Contracts and Leases.</u> A Bid must identify with particularity each executory contract that is to be assumed and assigned pursuant to the Modified APA and provide for the payment of the amounts, if any, which would be necessary to cure any prepetition defaults and/or compensate the counterparties to such contracts and leases for any actual pecuniary loss to such counterparties resulting from such default, and pay any postpetition

amounts due as of closing. The Bid shall include the Bidder's agreement to pay or assume all other obligations arising thereafter, and shall present competent and sufficient evidence to demonstrate the Bidder's ability to provide adequate assurance of future performance under the assumed leases and contracts.

e)  <u>Contingencies.</u> A Bid may not contain any due diligence or financing contingencies of any kind.

f)  <u>Authorization to Bid.</u> A Bid shall include evidence of authorization and approval from such Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA.

g)  <u>Identity of Qualified Bidders.</u> Each Qualified Bidder must fully disclose the identity of the party or parties that will be bidding for the Purchased Assets or otherwise participating in connection with such Bid, and the complete terms of any such participation.

h)  <u>Minimum Initial Bid Requirement.</u> Each Qualified Bidder's Bid shall have an initial minimum bid requirement equal to the sum of $600,000.00.

i)  <u>Good Faith Deposit.</u> Each Bid that is less than $1,000,000.00 must be accompanied by a cash deposit equal to twenty (20%) percent of the amount offered to purchase the Purchased Assets. Each Bid in excess of $1,000,000.00 must be accompanied by a cash deposit equal to ten (10%) percent of the amount offered to purchase the Purchased Assets (the "**Good Faith Deposit**").

j)  <u>Other Evidence.</u> Each Bid must contain evidence satisfactory to the Trustee that the Potential Bidder is reasonably likely (based on availability of financing, experience and other considerations) to be able to timely consummate a purchase of the Purchased Assets if selected as the Successful Bidder (as defined below). The Trustee shall make a determination regarding whether a Bid is a Qualifying Bid and shall notify Bidders whether their Bids have been determined to be Qualifying Bids by no later than 12:00 p.m. Eastern Time on February 13, 2014.

e.  <u>Auction.</u> In the event that there are at least two Qualified Bidders, the Trustee shall conduct an Auction of the Purchased Assets to determine the highest and otherwise best Bid with respect to the Purchased Assets. The Trustee will notify all Qualified Bidders of the amount of the highest or otherwise best Qualified Bid (the "**Baseline Bid**") no later than February 13, 2014 at 5:00 p.m. Eastern Time. The Auction shall commence at 10:00 a.m. Eastern Time on February 14, 2014, in the United States Bankruptcy Court for the Western District of Virginia,

Lynchburg Division, at 255 West Main Street, Courtroom 200, Charlottesville, Virginia 22902. The Auction shall be governed by the following procedures:

i.      The Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative.

ii.     Only representatives of the Trustee and holders of Qualifying Bids shall be entitled to be present at the Auction.

iii.    Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

iv.     Bidding shall commence at the Baseline Bid.

v.      Qualifying Bidders may then submit successive bids in increments of at least $25,000.00 over the previous highest or best Bid. Additional consideration in excess of the amount set forth in the Baseline Bid must be in cash.

vi.     All Qualifying Bidders shall have the right to submit additional bids, subject to clause (v) above, and make additional modifications to the Modified APA at the Auction.

vii.    The Auction shall continue until there is only one offer that the Trustee determines, subject to Court approval, is the highest or best offer from among the Qualifying Bidders submitted at the Auction (the "**Successful Bid**"). In making this decision, the Trustee may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each Qualifying Bidder and the net benefit to the Debtor's estate. The Qualifying Bidder submitting such Successful Bid shall become the "**Successful Bidder.**" The Successful Bidder and the next highest Bidder (the "**Back-Up Bidder**") shall, to the extent they have not already done so, execute an Modified APA at the conclusion of the Auction.

viii.   Within two (2) business days following the conclusion of the Auction, the Successful Bidder shall increase the Good Faith Deposit so that the Trustee is provided with a cash deposit equal to twenty-five (25%) percent of the amount of the Successful Bid.

ix.     In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the applicable purchase agreement by the closing date contemplated in such purchase agreement,

8

the Trustee shall (i) retain the Successful Bidder's Good Faith Deposit as liquidated damages; and (ii) be free to enter into a Modified APA with the Back-Up Bidder, whose Bid shall be deemed open, without the need for an additional hearing before or order from the Bankruptcy Court. In addition to the liquidated damages identified above, the Trustee may seek other damages including consequential damages in the event the Successful Bidder fails to consummate the Sale.

x.   The Trustee shall be authorized to waive or modify requirements of the Bid Procedures in order to maximize the value of the Transaction.

f.   <u>Bid Protections.</u> Under no circumstances will a break-up fee, expense reimbursement or other similar bid protections be provided by the Trustee to any potential bidder or any bidder that submits a Qualified Bid.

g.   <u>Sale Hearing.</u> The Sale Hearing will be held on February 14, 2014 at 1:00 p.m. in the United States Bankruptcy Court, 255 W. Main Street, Courtroom 200, Charlottesville, Virginia 22902. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing. If the Trustee does not receive any Qualified Bids or only receives a single Qualified Bid, the Trustee will report the same to the Bankruptcy Court at the Sale Hearing and, if a single Qualified Bid is received and is acceptable to the Trustee, will proceed with a sale of the Purchased Assets to the holder of such Qualified Bid following entry of the Sale Order.

h.   <u>Return of Good Faith Deposit.</u> The Good Faith Deposit of the Successful Bidder shall be applied to the Purchase Price of such transaction at the closing of the Sale. The Good Faith Deposits of all other Qualified Bidders shall be returned by no later than the fifth (5th) Business Day following the conclusion of the Auction.

i.   <u>Disclaimer.</u> The Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives acknowledge that the Trustee, the Debtor and the Subsidiaries may not have complete knowledge of the physical or economic characteristics of the Purchased Assets. Accordingly (except as otherwise specifically stated in any Modified APA executed by the Trustee and the Successful Bidder and approved by the Court), the Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives hereby disclaim any warranty, guaranty or representation, express or implied, oral or written, past, present, or future, of, as to, or concerning (a) the status of the Purchased Assets, including, but not by way of limitation, the status of any Purchased Asset that constitutes intellectual property with the United States Patent Office or the patent authority of any other country or sovereignty; (b) the extent and validity of any possession, lien, encumbrance, license, permit, reservation, or condition in connection with the Purchased Assets; (c) the compliance of any of the Purchased Assets or the operation of the Business with any applicable laws, ordinances, or regulations of

9

Jan-24-14   06:11pm   From-LeClair Ryan                                          T-492  P.011/060  F-949

any government or other body; and (d) the physical condition of the Purchased Assets. Except as otherwise specifically stated in any Modified APA executed by the Trustee and the Successful Bidder and approved by the Court, the sale of the Purchased Assets shall be on an "AS IS, WHERE IS, WITH ALL FAULTS," basis. By submitting a Qualified Bid, each Qualifying Bidder expressly agrees that (1) the Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives, make no warranty or representation, express or implied, or arising by operation of law, including, but not limited to, any warranty of condition, habitability, merchantability or fitness for a particular purpose, with respect to the Purchased Assets; (2) Qualifying Bidder is bidding and potentially purchasing the Purchased Assets based on its own investigations, and, by accepting title to all or part of the Purchased Assets shall be deemed to acknowledge that it has conducted such investigation as it has deemed necessary or advisable and that it is not relying upon any representations of Trustee, the Debtor, the Subsidiaries or their employees, agents and representatives whatsoever; and (3) the materials and information concerning the Purchased Assets provided by the Trustee, the Debtor and the Subsidiaries or their employees, agents and representatives is based in part upon information and materials obtained from sources deemed reliable without independent verification, therefore Bidders must not base their Bids upon information disseminated by such parties, but shall rely solely on their own investigation, due diligence, estimates and studies.

15.    The proposed Bid Procedures are designed to attract the highest and best offers for the assets of the Debtor's estate. Further, the Trustee submits that the proposed Bid Procedures are fair and reasonable under the circumstances of this case and are reasonably calculated to induce any potentially interested parties to submit competitive offers for the Purchased Assets, thereby ensuring that the maximum value is recovered for the Debtor's estate.

<u>**Sale Notice and Cure Notice**</u>

16.    Along with the Bid Procedures Order and this Motion, within three (3) business days after the entry of the Bid Procedures Order, the Trustee proposes to serve by first class mail, postage prepaid, copies of: (i) the notice of the proposed sale attached to the Bid Procedures Order as <u>Exhibit 2</u> (the "<u>Sale Notice</u>"); and (ii) the notice identifying the proposed cure amounts for the executory contracts to be assumed and assigned attached to the Bid Procedures Order as

Exhibit 3 (the "**Cure Notice**"), upon the following entities: (a) the Office of the United States Trustee for the Western District of Virginia; (b) all creditors pursuant to Bankruptcy Rule 2002; (c) all creditors of MicroLab, (d) the Internal Revenue Service; (e) the taxing authorities to which the Debtor pays taxes; (f) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (g) all parties to the Contracts identified in the APA (collectively, the "**Notice Parties**").

## MicroLab Management Incentive Fee

17.    The three members of MicroLab's management have and will be an integral part of helping the Trustee to conduct a successful Auction that maximizes the chances of creditors receiving returns on their claims. Additionally, the MicroLab employees and management are a valuable asset of MicroLab that will increase the value of MicroLab and/or its assets due to their institutional knowledge. MicroLab's employees and management have not received compensation for their services to MicroLab since December 20, 2013, but have continued to assist the Trustee with trying to maximize the value of MicroLab's and the Debtor's assets. In anticipation of a sale of MicroLab and/or its assets and the chance that MicroLab's management may not be employed going forward by any purchaser, the Trustee seeks authority to pay MicroLab's three members of management an incentive fee of (a) $25,000.00 each from any sale proceeds upon closing of a Sale and (b) a $75,000.00 allowed general unsecured claim in the Debtor's Estate each (the "**Management Incentive Fee**") as incentive to (i) help maximize the value of the Debtor's assets, (ii) to remain with MicroLab until a Sale, and (iii) assist the Trustee with providing records related to claims against MicroLab (to the extent necessary) and the Debtor.

**Relief Requested**

18.    Accordingly, the Trustee requests (i) the entry of the Bid Procedures Order, substantially in the form attached hereto as Exhibit A, approving and establishing the Bid Procedures, scheduling the Sale Hearing, approving the Sale Notice and the Cure Notice, approving the Management Incentive Fee, and establishing related procedures; and (ii) the entry of the Sale Order at the Sale Hearing approving the sale of the Purchased Assets and related relief.

**Argument**

**A.    Approval of the Sale is Appropriate.**

19.    Bankruptcy Code section 363(b)(1), provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." A sale of a debtor's assets should be authorized pursuant to Bankruptcy Code section 363(b) if a sound business purpose exists for the sale. *See In re Delaware & Hudson Rwy. Co.,* 124 B.R. 169, 176 (D. Del. 1991); *In re W.A. Mallory Co., Inc.,* 214 B.R. 834 (Bankr. E.D. Va. 1997); *In re WBQ P'ship,* 189 B.R. 97, 102 (Bankr. E.D. Va. 1995); *see also Stephens Indus., Inc. v. McClung,* 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983).

20.    The test of whether a sound business purpose exists is comprised of the following four elements:

(A)    a sound business reason or emergency justifies the sale;

(B)    adequate and reasonable notice of the sale was provided to interested parties;

(C)     the sale has been proposed in good faith; and

(D)     the purchase price is fair and reasonable.

*See WBQ P'ship*, 189 B.R. at 102 *(citing Delaware & Hudson Rwy. Co., 124 B.R. at 176).*

21.     The proposed sale to the Successful Bidder reflects the exercise of the Trustee's sound business judgment and a proper exercise of his fiduciary duties.  Moreover, the Trustee submits that the notice described above constitutes adequate and proper notice of the Bid Procedures, the proposed Sale and this Motion. As described above, the exposure of the Purchased Assets to the market through the Bid Procedures ensures that the value received will represent the best and highest available under the circumstances. The Trustee believes that approval of the relief requested in this Motion and the proposed Sale to the Successful Bidder is in the best interests of the Debtor's creditors, estate and other parties in interest and should be approved.

22.     Absent the Transaction proposed herein, the Trustee believes that the Debtor and the Subsidiaries would be required to cease all operations, reject or terminate all contracts, and terminate the MicroLab employees.  The Trustee believes this would significantly reduce the value of the Debtor's assets.

**B.     The Sale Satisfies the Requirements of Section 363(f).**

23.     Under Bankruptcy Code section 363(f), a trustee may sell property of a debtor's estate free and clear of any lien, claim or interest in such property if, among other things:

1)     applicable nonbankruptcy law permits sale of such property free and clear of such interest;

2)     such [lienholder] consents;

13

    3)      such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property;

    4)      such interest is in bona fide dispute; or

    5)      such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Because section 363(f) is drafted in the disjunctive, satisfaction of any one of its five requirements will suffice to approve the sale of the assets free and clear. *See* 11 U.S.C. § 363(f); *see also In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991); *In re Elliot*, 94 B.R. 343 (E.D. Pa. 1988).

    24.      The Trustee submits that a sale free and clear of all pledges, liens, security interests, claims, charges, options and interests thereon and there against (collectively, the "**Interests**") is appropriate under the circumstances because one or more of the conditions of section 363(f) will be satisfied. Legend Merchant Group, Inc. ("**Legend**") is the only creditor to have claimed a security interest in the Purchased Assets.[3] Legend's secured claim was filed in an amount significantly less than the minimum initial bid amount proposed in the bidding procedures. Therefore, the Trustee believes that section 363(f)(3) will be satisfied and the Purchased Assets may be transferred free and clear of all Interests. In the alternative, any party asserting an Interest that does not consent, to the extent any such party exists and does not have lien that is subject to a bona fide dispute, has the opportunity to protect its purported Interests through a credit bid for those assets that serve as its collateral. Additionally, any remaining Interest in the Purchased Assets that exists immediately prior to the closing of the

---

[3] The Trustee reserves the right to object to the Legend's secured claim.

Transaction will attach to the residual proceeds of the Transaction with the same validity, priority, force and effect as it had prior to such Transaction, thereby providing adequate assurance for the holder of any such Interest.

**C.    The Successful Bidder Will Be a Good Faith Purchaser.**

25.    The Trustee believes that the Successful Bidder will be a buyer in good faith of the Purchased Assets under section 363(m) of the Bankruptcy Code and, as such, will be entitled to the protections afforded thereby. Although the Bankruptcy Code does not define the term "good faith purchaser," the traditional equitable definition of "one who purchases the assets for value, in good faith, and without notice of adverse claims" has been adopted by various courts. *See In re Abbotts Dairies of Pennsylvania, Inc.*, 778 F.2d 113 (3d. Cir. 1986); *In re Willemain*, 764 F.2d 1019, 1023 (4th Cir. 1985) (quoting *In re Rock Ind. Machinery Corp.*, 572 F.2d 1195, 1197 (7th Cir. 1978)).

26.    The Successful Bidder will provide substantial value for the Purchased Assets and, to the Trustee's knowledge, no adverse claims exist with respect to the Purchased Assets. Further, because of the public test of the value of the Purchased Assets through the Bid Procedures, the Trustee submits that the Successful Bidder will not have engaged in any of "the misconduct that would destroy a purchaser's good faith status at a judicial sale [such as] fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *Willemain*, 764 F.2d at 1023.

**D.    The Bid Procedures Should Be Approved.**

27.    The proposed Bid Procedures will assist the Trustee in maximizing the return for the Debtor's assets by providing for a potentially competitive auction.

28.    The Trustee submits that the Bid Procedures will not chill bidding, are reasonable, and their approval will enable the Trustee to maximize the value of the Debtor's estate. Thus, the Bid Procedures should be approved.

**E.    Assumption and Assignment of Executory Contracts.**

29.    Section 365 of the Bankruptcy Code provides that a debtor or trustee may assume and assign executory contracts and unexpired leases in certain circumstances. *See* 11 U.S.C. § 365. Specifically, section 365(b) requires that a debtor cure, or provide adequate assurance that the debtor promptly will cure, any defaults that existed under any executory contract or unexpired lease sought to be assumed, other than those defaults relating to insolvency, bankruptcy, other financial conditions of the debtor or penalty rates imposed by the debtor's failing to perform non-monetary obligations under such executory contract or lease. *See* 11 U.S.C. § 365(b). Under the terms of the APA, the Trustee will agree to assume and assign certain Contracts and Leases (collectively, the "**Assumed and Assigned Contracts**") to the Successful Bidder, although the list of Assumed and Assigned Contracts is subject to the terms of the Successful Bid.

30.    The Successful Bidder will provide the counterparties to such Assumed and Assigned Contracts with adequate assurance of future performance by the Successful Bidder under those contracts in accordance with section 365(f). Accordingly, the Trustee submits that a sound business justification for the assumption and assignment of the Assumed and Assigned Contracts exists and that authorizing their assumption and assignment to the Successful Bidder is appropriate and should be approved.

16

31.    The Trustee either will cure, cause the Successful Bidder to cure, or provide adequate assurance that the pre-petition defaults, if any, will be promptly cured under such Assumed and Assigned Contracts in accordance with section 365(b). To that end, within four (4) business days after the entry of the Bid Procedures Order, the Trustee intends to file with the Court and serve upon, among others, the counterparties to the Assumed and Assigned Contracts, the Cure Notice which will identify the amounts (the "**Cure Amounts**") the Trustee asserts are necessary to cure any existing defaults under each Assumed and Assigned Contract. The Trustee proposes that any counterparty to an Assumed and Assigned Contract that disagrees with the proposed Cure Amount for such Assumed and Assigned Contract should be required to file and serve an objection to such Cure Amount by no later than February 12, 2014 (the "**Cure Objection Deadline**").   The Trustee proposes that any counterparty to an Assumed and Assigned Contract that objects to the proposed assumption and assignment of such Assumed and Assigned Contract, including, but not limited to, objections related to adequate assurance of future performance, should be required to file and serve an objection to the assumption and assignment of such Assumed and Contract Agreement by no later than twenty-four hours prior to the commencement of the Sale Hearing (the "**Assumption Objection Deadline**").  All such objections should be in writing and set forth in reasonable detail (a) the nature of and grounds for the objection, and (b) if the objection relates to the Cure Amount, the amount that the counterparty believes is the appropriate Cure Amount, and should be accompanied by a reasonably detailed statement supporting the counterparty's allegation of the appropriate Cure Amount. The Trustee requests that any counterparty that fails to timely file and serve an objection by the Cure

17

Objection Deadline (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure amount or other amounts with respect to the Assumed and Assigned Contracts, and the Trustee, the Debtor and the Successful Bidder will be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notice; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist. The Trustee further requests that any counterparty that fails to timely file and serve an objection by the Assumption Objection Deadline (i) be deemed to have consented to the assumption and assignment; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Agreements or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Agreements.

32.     The Trustee further proposes that if a counterparty to an Assumed and Assigned Contract timely files an objection asserting a cure amount higher than the proposed Cure Amounts (the "**Disputed Cure Amounts**"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amounts prior to the Sale Hearing, the Trustee shall promptly provide the Successful Bidder notice and opportunity to object to such proposed resolution or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then such objection will be heard at the Sale Hearing or thereafter. Pending a ruling on such objection, if not made at the Sale Hearing, the amount necessary will be reserved and paid upon a final Court Order determining the correct Cure

18

Amount and will be paid as provided in the APA. All other objections to the proposed assumption and assignment of the Assumed and Assigned Contracts will be heard at the Sale Hearing.

## F.    The Management Incentive Fee is Appropriate

33.    Section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title." The Bankruptcy Code requires the Trustee to "collect and reduce to money the property of the estate for which such trustee serves..." 11 U.S.C. § 704(a)(1). One asset of this estate is the Debtor's wholly-owned subsidiary, MicroLab. In order to liquidate MicroLab or its assets, the Trustee needs the assistance of its employees to market and sell MicroLab or its assets. Specifically, the MicroLab management is preparing due diligence for review by potential purchasers and it is anticipated that they will answer all questions from any potential purchaser. Additionally, the Trustee believes the employees themselves increase the value of MicroLab and/or its assets. The Trustee is requesting approval of the Management Incentive Fee in order to incentivize the employees at MicroLab to assist the Trustee in (a) his efforts to maximize the value of MicroLab or its assets and the Debtor's assets and (b) his analysis of the claims against MicroLab and the Debtor.[4]

---

[4] Section 503(c) provides certain instances in which a retention bonus to an insider of the debtor may not be allowed. First, the Trustee is proposing the Management Incentive Fee as an incentive for the three members of MicroLab's management to help maximize the value of MicroLab and the Debtor's assets through the auction process and to assist the Trustee in providing records related to the analysis of claims against MicroLab and the Debtor, as opposed to as an inducement for them to stay at MicroLab. The Management Incentive Fee is based on the success of a sale. Secondly, the members of MicroLab's management are not insiders of the Debtor or of MicroLab. They are not officers or directors of the Debtor or MicroLab and they are not in control of the Debtor or MicroLab.

**F.      Abrogation of Fourteen-Day Stay**

34.    Bankruptcy Rule 6004(h) provides, "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). Similarly, Bankruptcy Rule 6006(d) provides that an order authorizing the assignment of an executory contract or unexpired lease "is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d). The Trustee submits that, given the nature of the proposed Sale and the need to close the Sale shortly after its approval, cause exists for the Court to exercise its discretion and abrogate the 14-day stay provided for by Rules 6004(h) and 6006(d).

**Notice**

35.    The Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee for the Western District of Virginia; (b) all creditors pursuant to Bankruptcy Rule 2002; (c) all known creditors of MicroLab; (d) the Internal Revenue Service; and (e) the taxing authorities to which the Debtor pays taxes. In addition, the Trustee proposes to serve a copy of the Motion, together with the Bid Procedures Order, the Sale Notice and the Cure Notice as set forth in paragraph 12 above. In light of the nature of the relief requested, the Trustee respectfully submits that no further notice is necessary.

WHEREFORE, the Trustee respectfully requests that this Court (i) enter the Bid Procedures Order substantially in the form attached hereto as **Exhibit A,** (ii) following the Sale Hearing, enter the Sale Order, and (iii) grant the Trustee such further relief as is just and equitable.

20

Dated: January 24, 2014                    WILLIAM F. SCHNEIDER, TRUSTEE


                                           /s/ Christian K. Vogel
                                           Counsel

Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for the Trustee*

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### (Lynchburg Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ZYGEM CORPORATION, | ) | Case No. 13-60776 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER (A) ESTABLISHING BID PROCEDURES
RELATED TO THE SALE OF SUBSTANTIALLY ALL OF THE
DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO CONSIDER
THE SALE, (C) APPROVING THE FORM AND MANNER OF NOTICE
OF SALE BY AUCTION, (D) ESTABLISHING PROCEDURES FOR NOTICING
AND DETERMINING CURE AMOUNTS AND (E) AUTHORIZING PAYMENT OF
AN INCENTIVE FEE TO MANAGEMENT OF MICROLAB DIAGNOSTICS,
INC., AND (F) GRANTING RELATED RELIEF**

This matter came to be heard by this Court upon the Motion[1] of the William F. Schneider,

Chapter 7 Trustee ("**Trustee**") for the estate of ZyGEM Corporation (the "**Debtor**"), by counsel,

requesting (i) entry of an order (a) approving bid procedures (the "**Bid Procedures**") for the sale

of substantially all of the assets of the Debtor, (b) establishing the date, time and place for a sale

hearing (the "**Sale Hearing**"), (c) approving the form and manner of notice of the sale by auction

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for the Trustee*

(the "**Sale Notice**"), (d) establishing procedures for noticing and determining cure amounts (the "**Cure Notice**") (e) authorizing payment of an incentive fee to management of MicroLab Diagnostics, Inc. and (f) granting related relief; and (ii) entry of an order (the "**Sale Order**") (1) approving the sale (the "**Transaction**" or the "**Sale**") free and clear of all liens, claims, encumbrances and interests, (2) authorizing the assumption and assignment of certain executory contracts and (3) granting related relief; and it appearing that notice of the Motion is appropriate under the circumstances and that no other or further notice need be given; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefore.

## THE COURT HEREBY FINDS AND CONCLUDES THAT:[2]

A.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested herein are sections 105(a), 363(b) and (f) and 365, 503 and 507 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), and Rules 2002(a)(2), 6004(a), (b), (c), (e), (f) and (h), 6006(a), (c) and (d), 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[2] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      Notice of the Motion having been given to the Notice Parties (as defined below) is sufficient in light of the circumstances and the nature of the relief requested herein.

D.      The Trustee has articulated good and sufficient reasons for this Court to grant the relief requested in the Motion regarding the sales process, including, without limitation: (i) approving the Bid Procedures; (ii) scheduling a Sale Hearing; (iii) approving the Sale Notice; and (iv) approving the Cure Notice; and (v) approving the Management Incentive Fee.

E.      The Bid Procedures attached hereto as **Exhibit 1** are reasonably calculated to provide an orderly sale process. Additionally, the Bid Procedures ensure that the maximum value is recovered for the Debtor's estate. Accordingly, the Bid Procedures are reasonable and appropriate and represent the best method for achieving a favorable return for the Debtor's estate.

F.      The Sale Notice attached hereto as **Exhibit 2** is reasonably calculated to provide all interested parties with timely and proper notice of the Transaction, the Sale Hearing and the Auction.

G.      The cure procedures identified herein are reasonably calculated to provide all counterparties to the Assumed and Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract and any cure amounts relating thereto.

H.      Approval of the Management Incentive Fee is in the best interest of the Debtor, its estate, creditors and other parties in interest.

I.      The entry of this Order is in the best interests of the Debtor, its estate, creditors and other parties in interest.

3

J.     The Court hereby approves and adopts the Trustee's business judgment to sell the Debtor's assets as set forth herein.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The relief requested in the Motion is granted to the extent set forth herein.

2.     The Bid Procedures attached hereto as **Exhibit 1** are hereby approved and fully incorporated into this Order and shall apply with respect to the proposed Sale of the Purchased Assets.

3.     The Trustee is authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

4.     The deadline for submitting a Qualified Bid (as such term is defined in the Bid Procedures) shall be February 12, 2014 at 5:00 p.m. Eastern Time (the "**Bid Deadline**").

5.     In the event that there are at least two Qualified Bidders, the Trustee shall conduct the Auction commencing at 10:00 a.m. Eastern Time on February 14, 2014, at the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, at 255 West Main Street, Courtroom 200, Charlottesville, Virginia 22902.

6.     The Trustee is hereby authorized to enter into and execute the Modified APA with the Successful Bidder and to perform such obligations under the Modified APA which arise prior to the Sale Hearing.

7.     All bidders submitting a Qualified Bid are deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction and the terms and conditions of the transfer of the Purchased Assets.

4

8.      The Court shall conduct the Sale Hearing on February 14, 2014 at 1:00 p.m. Eastern Time, at which time, the Court will consider approval of the Sale to the Successful Bidder.

9.      Objections to approval of the Sale, including the sale of the Purchased Assets free and clear of liens, claims, encumbrances and interests pursuant to section 363(f) of the Bankruptcy Code, must be in writing and filed with this Court and served upon (a) Office of the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van Arsdale; and (b) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel; so as to be received by such parties on or before February 12, 2014 at 5:00 p.m. Eastern Time (the "**Sale Objection Deadline**").

10.     Objections to proposed Cure Amounts must be in writing and filed with this Court and served upon (a) Office of the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van Arsdale; and (b) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel; so as to be received by such parties on or before February 12, 2014 at 5:00 p.m. Eastern Time (the "**Cure Objection Deadline**").

11.     Objections to the proposed assumption and assignment of the Assumed and Assigned Contracts including, but not limited to, objections related to adequate assurance of future performance, must be in writing and filed with this Court and served upon (a) Office of

the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van Arsdale; and (b) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel; so as to be received by such parties no later than twenty-four hours prior to the commencement of the Sale Hearing (the "**Assumption Objection Deadline**").

12.     Unless an objection is filed and served before the Cure Objection Deadline, all counterparties to the Assumed and Assigned Contracts shall (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure amount or other amounts with respect to the Assumed and Assigned Contracts, and the Trustee and the Successful Bidder will be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notice; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist.

13.     Unless an objection to the assumption and assignment of an Assumed and Assigned Contract is filed and served before the Assumption Objection Deadline, all counterparties to the Assumed and Assigned Contracts shall (i) be deemed to have consented to the assumption and assignment; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Agreements or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Agreements.

6

14.    Where a nondebtor counterparty to an Assumed and Assigned Contract files an objection asserting a cure amount higher than the proposed Cure Amounts (the "**Disputed Cure Amount**"), then (a) to the extent that the parties are able to consensually resolve the Disputed Cure Amount prior to the Sale Hearing, the Trustee shall promptly provide the Successful Bidder notice and opportunity to object to such proposed resolution or (b) to the extent the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then such objection will be heard at the Sale Hearing or thereafter. Pending a ruling on such objection, if not made at the Sale Hearing, the amount necessary will be reserved and paid upon a final Court Order determining the correct cure amount and will be paid as provided in the Modified APA. All other objections to the proposed assumption and assignment of an Assumed and Assigned Contract will be heard at the Sale Hearing.

15.    The Management Incentive Fee is hereby approved and each member of management of MicroLab shall receive (a) $25,000.00 upon closing of a Sale from the sale proceeds and (b) a $75,000.00 general unsecured claim in the Debtor's estate.

16.    All objections to the relief requested in the Motion with respect to the Bid Procedures that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

17.    The Sale of the Purchased Assets is consistent with section 363(b)(1)(A) of the Bankruptcy Code and no consumer privacy ombudsman is necessary in connection with the Sale.

18.    Neither the tendering of a Bid nor the determination that a Bid is a Qualified Bid shall entitle a Potential or Qualified Bidder to any breakup, termination or similar fee, or any

expense reimbursement and all Potential and Qualified Bidders waive any right to seek a claim for substantial contribution.

19.    The Sale Notice attached hereto as **Exhibit 2** provides proper notice to all parties in interest and is approved.

20.    The Cure Notice attached hereto as **Exhibit 3** provides proper notice to all parties in interest and is approved.

21.    Within three (3) business days of this order, the Trustee shall serve by first class mail, postage prepaid, copies of: (i) this Order; (ii) the Motion; (iii) the Sale Notice; and (iv) the Cure Notice, upon the following entities: (a) the Office of the United States Trustee for the Western District of Virginia; (b) all creditors pursuant to Bankruptcy Rule 2002; (c) the Internal Revenue Service; (d) the taxing authorities to which the Debtor pays taxes; (e) all parties that have requested special notice pursuant to Bankruptcy Rule 2002; and (f) all parties to the Leases and Contracts identified in the APA (collectively, the "**Notice Parties**").

22.    A Qualified Bidder that desires to make a Bid shall comply with the requirements set forth in the Bid Procedures in making such a bid for the Purchased Assets and submit a Qualifying Bid on or before February 12, 2014 at 5:00 p.m. Eastern Time (the "**Bid Deadline**") in writing to (i) William F. Schneider, Chapter 7 Trustee for the estate of ZyGEM Corporation, 715 Court Street, P.O. Box 739, Lynchburg, Virginia 24505; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel.

23.    Not later than February 13, 2013 at 5:00 p.m. Eastern Time, the Trustee will notify all Qualified Bidders of (i) the amount of the highest or otherwise best Qualified Bid (the "**Baseline Bid**") and provide copies of all Qualified Bids to all Qualified Bidders.

24.    If there is more than one Qualified Bid, an auction shall be held on February 14, 2014 at 10:00 a.m. at the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, at 255 West Main Street, Courtroom 200, Charlottesville, Virginia 22902.

25.    Upon conclusion of the bidding, the Auction shall be closed, and Trustee shall immediately identify the highest or otherwise best offer for the Purchased Assets (the "**Successful Bid**" and the entity submitting such Successful Bid, the "**Successful Bidder**"). The Successful Bidder and the next highest Bidder (the "**Back-Up Bidder**") shall, to the extent they have not already done so, execute a Modified APA at the conclusion of the Auction.

26.    The Trustee shall sell the Purchased Assets to the Successful Bidder upon approval of the Successful Bid by the Bankruptcy Court after the Sale Hearing. The Trustee's presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not constitute the Trustee's acceptance of the bid. The Trustee will be deemed to have accepted a Bid only when the Bid has been approved by the Court at the Sale Hearing, to be held before the Honorable Rebecca B. Connelly, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division, at 255 West Main Street, Courtroom 200, Charlottesville, Virginia 22902 on February 14, 2014 at 2:00 p.m. Eastern Time, or as soon thereafter as counsel may be heard.

27.    In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the Modified APA by the closing date contemplated

9

therein, the Trustee shall (i) retain the Successful Bidder's Good Faith Deposit as liquidated damages; and (ii) be free to enter into a Modified APA with the Back-Up Bidder, whose Bid shall be deemed open, without the need for an additional hearing before or order from the Court.

28.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

29.     Notwithstanding the possible applicability of Federal Rule of Bankruptcy Procedure 6004(h), 6006(d), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

30.     This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order and the Bid Procedures.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE


WE ASK FOR THIS:


/s/ Christian K. Vogel
Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 783-2003

*Counsel for the Trustee*

**EXHIBIT 1**

## BID PROCEDURES

An involuntary petition under Chapter 7 of the United States Bankruptcy Code has been filed against ZyGEM Corporation (the "**Debtor**"), which case is pending in the United States Bankruptcy Court for the Western District of Virginia (the "**Bankruptcy Court**"), Case No. 13-60776. William F. Schneider ("**Trustee**") serves as the Chapter 7 Trustee for the Debtor's estate. By motion dated January 24, 2014 (the "**Motion**"), the Trustee sought, among other things, approval of the process and procedures set forth below (the "**Bidding Procedures**") in connection with an auction (the "**Auction**") to effectuate the sale (the "**Sale**") of the Purchased Assets[1] as set forth in the APA (as defined below) (the "**Bidding Procedures Order**"). The Bid Procedures are designed to facilitate a full and fair bidding process to maximize the value of the Purchased Assets for the benefit of the Debtor's creditors and the bankruptcy estate.

On February 14, 2014 at 2:00 p.m. Eastern Time, as further described below, the Bankruptcy Court shall conduct a hearing (the "**Sale Hearing**") at which time the Trustee shall seek entry of an order (the "**Sale Order**") authorizing and approving the sale of the Purchased Assets to the Successful Bidder (defined below).

1.   **Asset Purchase Agreement**

The Trustee has set forth a form of the asset purchase agreement with respect to the sale of the Purchased Assets (the "**APA**") to the Successful Bidder. The transaction contemplated by the APA is subject to competitive bidding as set forth in the Motion as described herein and approval by the Bankruptcy Court (as defined below) pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**"), and certain other closing conditions.

2.   **Participation Requirements**

In order to participate in the bidding process, each person (a "**Potential Bidder**") must first deliver to the Trustee and his counsel, no later than February 12, 2014 at 5:00p.m., the following items (collectively, the "**Participation Requirements**"):

     i.     Confidentiality Agreement. An executed confidentiality agreement in form and substance reasonably acceptable to the Trustee (each a "**Confidentiality Agreement**"); and

     ii.    Proof of Financial Ability to Perform. The most current audited (if available) and latest unaudited financial statements of the Potential Bidder, or such other form of financial disclosure evidencing the Potential Bidder's ability to close the Sale, the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the APA.

sufficiency of which shall be determined by the Trustee in his reasonable discretion.

### 3.   Access to Due Diligence Materials

Upon satisfaction of the Participation Requirements, any Potential Bidder (thereafter to be deemed a "**Qualified Bidder**") that wishes to conduct due diligence on the Purchased Assets shall be provided with additional information regarding the Business and access to MicroLab's employees for further information.

### 4.   Bid Deadline

Any Qualified Bidder interested in participating in the Auction must submit a Qualifying Bid (as defined below) on or before February 12, 2014 at 5:00 p.m. Eastern Time (the "**Bid Deadline**") in writing to: (i) William F. Schneider, Chapter 7 Trustee for the estate of ZyGEM Corporation, 715 Court Street, P.O. Box 739, Lynchburg, Virginia 24505; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 E. Byrd Street, Richmond, Virginia 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel.

### 5.   Qualifying Bids

Absent prior agreement by the Trustee, in his reasonable discretion, in order to participate in the bidding process, each Qualified Bidder must submit a "**Qualifying Bid**" in writing by the Bid Deadline. To constitute a Qualifying Bid, a bid must comply with the following conditions:

a)   Writing. A Bid must be in writing and it must state that such Bidder is prepared to enter into a legally binding purchase and sale agreement or similar agreement for the acquisition of the Purchased Assets on terms and conditions that are substantially the same or better than the terms of the APA.

b)   Modified APA. A Bid shall include a clean and duly executed APA (the "**Modified APA**") and a black-lined copy reflecting all of the variations from the APA.

c)   Purchased Assets. Each Bid shall be for, directly or indirectly, 100% of the Purchased Assets for consideration consisting of cash only and the assumption of substantially all liabilities required to be assumed by Purchaser under the APA.

d)   Executory Contracts and Leases. A Bid must identify with particularity each executory contract that is to be assumed and assigned pursuant to the Modified APA and provide for the payment of the amounts, if any, which would be necessary to cure any prepetition defaults and/or compensate the counterparties to such contracts and leases for any actual pecuniary loss to such counterparties resulting from such default, and pay any postpetition amounts due as of closing. The Bid shall include the Bidder's agreement to pay or assume all other

2

obligations arising thereafter, and shall present competent and sufficient evidence to demonstrate the Bidder's ability to provide adequate assurance of future performance under the assumed leases and contracts.

e) <u>Contingencies.</u> A Bid may not contain any due diligence or financing contingencies of any kind.

f) <u>Authorization to Bid.</u> A Bid shall include evidence of authorization and approval from such Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the Modified APA.

g) <u>Identity of Qualified Bidders.</u> Each Qualified Bidder must fully disclose the identity of the party or parties that will be bidding for the Purchased Assets or otherwise participating in connection with such Bid, and the complete terms of any such participation.

h) <u>Minimum Initial Bid Requirement.</u> Each Qualified Bidder's Bid shall have an initial minimum bid requirement equal to the sum of $600,000.00.

i) <u>Good Faith Deposit.</u> Each Bid that is less than $1,000,000.00 must be accompanied by a cash deposit equal to twenty (20%) percent of the amount offered to purchase the Purchased Assets. Each Bid in excess of $1,000,000.00 must be accompanied by a cash deposit equal to ten (10%) percent of the amount offered to purchase the Purchased Assets.

j) <u>Other Evidence.</u> Each Bid must contain evidence satisfactory to the Trustee that the Potential Bidder is reasonably likely (based on availability of financing, experience and other considerations) to be able to timely consummate a purchase of the Purchased Assets if selected as the Successful Bidder (as defined below).

The Trustee shall make a determination regarding whether a Bid is a Qualifying Bid and shall notify Bidders whether their Bids have been determined to be Qualifying Bids by no later than 12:00 p.m. Eastern Time on February 13, 2014.

6.   <u>Auction</u>

In the event that there are at least two Qualified Bidders, the Trustee shall conduct an Auction of the Purchased Assets to determine the highest and otherwise best Bid with respect to the Purchased Assets. The Trustee will notify all Qualified Bidders of the highest or otherwise best Qualified Bid (the "**Baseline Bid**") no later than February 13, 2014 at 5:00 p.m. Eastern Time. The Auction shall commence at 10:00 a.m. Eastern Time on February 14, 2014 at the United States Bankruptcy Court, 255 W. Main Street, Courtroom 200, Charlottesville, Virginia 22902.

The Auction shall be governed by the following procedures:

i. The Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative.

ii. Only representatives of the Trustee and holders of Qualifying Bids shall be entitled to be present at the Auction.

iii. Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale.

iv. Bidding shall commence at the Baseline Bid.

v. Qualifying Bidders may then submit successive bids in increments of at least $25,000.00 over the previous highest or best Bid. Additional consideration in excess of the amount set forth in the Baseline Bid must be in cash.

vi. All Qualifying Bidders shall have the right to submit additional bids, subject to clause (v) above, and make additional modifications to the APA or Modified APA, as applicable, at the Auction.

vii. The Auction shall continue until there is only one offer that the Trustee determines, subject to Court approval, is the highest or best offer from among the Qualifying Bidders submitted at the Auction (the "**Successful Bid**"). In making this decision, the Trustee may consider, without limitation, the amount of the purchase price, the form of consideration being offered, the likelihood of the Qualifying Bidder's ability to close a transaction and the timing thereof, the number, type and nature of any changes to the APA requested by each Qualifying Bidder and the net benefit to the Debtor's estate. The Qualifying Bidder submitting such Successful Bid shall become the "**Successful Bidder**." The Successful Bidder and the next highest Bidder (the "**Back-Up Bidder**") shall, to the extent they have not already done so, execute an Modified APA at the conclusion of the Auction.

viii. Within two (2) business days following the conclusion of the Auction, the Successful Bidder shall increase the Good Faith Deposit so that the Trustee is provided with a cash deposit equal to twenty-five (25%) percent of the amount of the Successful Bid.

ix. In the event the Successful Bidder fails to consummate the Sale as a result of the Successful Bidder's default or breach under the applicable purchase agreement by the closing date contemplated in such purchase agreement, the Trustee shall (i) retain the Successful Bidder's Good Faith Deposit as liquidated damages; and (ii) be free to enter into a Modified APA with the Back-Up Bidder, whose Bid shall be deemed open, without the need for an additional hearing before or order from

4

the Bankruptcy Court. In addition to the liquidated damages identified above, the Trustee may seek other damages including consequential damages in the event the Successful Bidder fails to consummate the Sale.

x.      The Trustee shall be authorized to waive or modify requirements of the Bid Procedures in order to maximize the value of the Transaction.

## 8.      Bid Protections

Under no circumstances will a break-up fee, expense reimbursement or other similar bid protections be provided by the Trustee to any potential bidder or any bidder that submits a Qualified Bid.

## 9.      The Sale Hearing

The Sale Hearing will be held before the Honorable Rebecca B. Connelly on February 14, 2014 at 1:00 p.m. Eastern Time in the United States Bankruptcy Court, 255 West Main St., Courtroom 200, Charlottesville, Virginia 22902. The Sale Hearing may be adjourned or rescheduled without further notice by an announcement of the adjourned date at the Sale Hearing. If the Trustee does not receive any Qualified Bids or only receives a single Qualified Bid, the Trustee will report the same to the Bankruptcy Court at the Sale Hearing and, if a single Qualified Bid is received and is acceptable to the Trustee, will proceed with a sale of the Purchased Assets to the holder of such Qualified Bid following entry of the Sale Order.

## 10.     Return of Good Faith Deposit

The Good Faith Deposit of the Successful Bidder shall be applied to the Purchase Price of such transaction at the closing of the Sale. The Good Faith Deposits of all other Qualified Bidders shall be returned by no later than the fifth (5th) Business Day following the conclusion of the Auction.

## 11.     Disclaimer

The Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives acknowledge that the Trustee, the Debtor and the Subsidiaries may not have complete knowledge of the physical or economic characteristics of the Purchased Assets. Accordingly (except as otherwise specifically stated in any Modified APA executed by the Trustee and the Successful Bidder and approved by the Court), the Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives hereby disclaim any warranty, guaranty or representation, express or implied, oral or written, past, present, or future, of, as to, or concerning (a) the status of the Purchased Assets, including, but not by way of limitation, the status of any Purchased Asset that constitutes intellectual property with the United States Patent Office or the patent authority of any other country or sovereignty; (b) the extent and validity of any possession, lien, encumbrance, license, permit, reservation, or condition in connection with the Purchased Assets;

5

(c) the compliance of any of the Purchased Assets or the operation of the Business with any applicable laws, ordinances, or regulations of any government or other body; and (d) the physical condition of the Purchased Assets. Except as otherwise specifically stated in any Modified APA executed by the Trustee and the Successful Bidder and approved by the Court, the sale of the Purchased Assets shall be on an "AS IS, WHERE IS, WITH ALL FAULTS," basis. By submitting a Qualified Bid, each Qualifying Bidder expressly agrees that (1) the Trustee, the Debtor, the Subsidiaries and their employees, agents and representatives, make no warranty or representation, express or implied, or arising by operation of law, including, but not limited to, any warranty of condition, habitability, merchantability or fitness for a particular purpose, with respect to the Purchased Assets; (2) Qualifying Bidder is bidding and potentially purchasing the Purchased Assets based on its own investigations, and, by accepting title to all or part of the Purchased Assets shall be deemed to acknowledge that it has conducted such investigation as it has deemed necessary or advisable and that it is not relying upon any representations of Trustee, the Debtor, the Subsidiaries or their employees, agents and representatives whatsoever; and (3) the materials and information concerning the Purchased Assets provided by the Trustee, the Debtor and the Subsidiaries or their employees, agents and representatives is based in part upon information and materials obtained from sources deemed reliable without independent verification, therefore Bidders must not base their Bids upon information disseminated by such parties, but shall rely solely on their own investigation, due diligence, estimates and studies.

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**(Lynchburg Division)**

| | |
|---|---|
| In re: ) | |
| ) | |
| ZYGEM CORPORATION, ) | Case No. 13-60776 |
| ) | |
| Debtor. ) | |
| ) | |

## NOTICE OF AUCTION AND SALE HEARING

PLEASE TAKE NOTICE THAT that on February [ ] 2014, the United States Bankruptcy

Court for the Western District of Virginia, Lynchburg Division (the "**Bankruptcy Court**")

entered the Order (A) Approving Bid Procedures Relating to Sale of Substantially All of the

Debtor's Assets; (B) Scheduling a Hearing to Consider the Sale; (C) Approving the Form and

Manner of Notice of Sale by Auction; (D) Establishing Procedures for Noticing and Determining

Cure Amounts; (E) Authorizing Payment of an Incentive Fee to Management of MicroLab

Diagnostics, Inc.; and (F) Granting Related Relief (the "**Bid Procedures Order**") (ECF No.

[___]).

PLEASE TAKE FURTHER NOTICE that the Bid Procedures Order granted certain

relief requested in the Motion of William F. Schneider, Chapter 7 Trustee (the "**Trustee**") for the

Bankruptcy Estate of ZyGEM Corporation (the "**Debtor**"), for Entry of Orders (i) (a)

Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for the Trustee*

Establishing Bid Procedures Related to the Sale of Substantially All of the Debtor's Assets, (b)

Scheduling a Hearing to Consider the Sale, (c) Approving the Form and Manner of Notice of

Sale by Auction, (d) Establishing Procedures for Noticing and Determining Cure Amounts and

(e) Authorizing Payment of an Incentive Fee to Management of MicroLab Diagnostics, Inc.; and

(f) Granting Related Relief; and (ii) (1) Approving Asset Purchase Agreement and Authorizing

the Sale Free and Clear of All Liens, Claims, Encumbrances and Interests, (2) Authorizing the

Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and

(C) Granting Related Relief (the "**Motion**").

      PLEASE TAKE FURTHER NOTICE that pursuant to the Bid Procedures Order, the

Trustee will conduct an auction (the "**Auction**") for the sale of substantially all of the Debtor's

assets (the "**Purchased Assets**") free and clear of all liens, claims, encumbrances and interests at

**10:00 a.m. Eastern Time on February 14, 2014**, at the United States Bankruptcy Court, 255

W. Main Street, Courtroom 200, Charlottesville, Virginia 22902. Any bidder desiring to submit a

bid to purchase the Purchased Assets must submit a qualifying bid pursuant to the bid procedures

(the "**Bid Procedures**") set forth in the Motion and the Bid Procedures Order by **February 12,**

**2014 at 5:00 p.m. Eastern Time.**

      PLEASE TAKE FURTHER NOTICE that all bids shall be subject to higher and better

bids at the Auction in accordance with the Bid Procedures and the Bid Procedures Order. The

results of the Auction will be presented to the Bankruptcy Court for approval at the Sale Hearing.

      **PLEASE TAKE FURTHER NOTICE THAT your rights may be affected.** You

**should read these papers carefully and discuss them with your attorney, if you have one in**

**this case. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE THAT in accordance with the Bid Procedures Order, objections to the entry of the Order approving the sale of the Purchased Assets to the Successful Bidder, if any, must (a) be in writing, (b) conform to the requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, (c) set forth the name of the objector, (d) state the legal and factual basis for the objection and the specific grounds therefore, and (e) be filed with the Bankruptcy Court and be served upon the following parties so as to be received by no later than **February 12, 2014 at 5:00 p.m. Eastern Time** (the "**Sale Objection Deadline**"): (i) Office of the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van Arsdale; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel. Only timely filed and served responses, objections or other pleadings will be considered by the Bankruptcy Court at the Sale Hearing. Failure to file and serve an objection in the foregoing manner shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, the Sale Order, the Sale or the consummation of the Sale.

PLEASE TAKE FURTHER NOTICE THAT THE SALE HEARING TO CONSIDER RELIEF REQUESTED IN THE MOTION WITH RESPECT TO APPROVAL OF THE SALE TO THE SUCCESSFUL BIDDER WILL BE HELD ON **FEBRUARY 14, 2014 AT 1:00 P.M. EASTERN TIME** BEFORE THE HONORABLE REBECCA B. CONNELLY, CHIEF UNITED STATES BANKRUPTCY JUDGE, IN THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF VIRGINIA, LYNCHBURG DIVISION, AT 255 WEST MAIN STREET, COURTROOM 200, CHARLOTTESVILLE, VIRGINIA 22902.

3

WILLIAM F. SCHNEIDER, TRUSTEE


/s/ Christian K. Vogel _____
Counsel


Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219
(804) 783-2003

*Counsel for the Trustee*

4

**EXHIBIT 3**

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### (Lynchburg Division)

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ZYGEM CORPORATION, | ) | Case No. 13-60776 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES AND THE CURE AMOUNTS FOR THOSE CONTRACTS AND LEASES

PLEASE TAKE NOTICE THAT on February [ ], 2014, William F. Schneider ("**Trustee**"), Chapter 7 Trustee for the bankruptcy estate of ZyGEM Corporation (the "**Debtor**") filed the Cure Schedule,[1] which is attached hereto as Exhibit A, setting forth the Cure Amounts of Contracts and Leases of the Debtor that the Trustee proposes to assume and assign to the Successful Bidder.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meaning ascribed to them in the Motion of the Trustee for Entry of Orders (i) (a) Establishing Bid Procedures Related to the Sale of Substantially All of the Debtors' Assets, (b) Scheduling a Hearing to Consider the Sale, (c) Approving the Form and Manner of Notice of Sale by Auction, (d) Establishing Procedures for Noticing and Determining Cure Amounts (e) Authorizing Payment of An Incentive Payment to Management of MicroLab Diagnostics, Inc. and (e) Granting Related Relief; and (ii) (1) Approving Asset Purchase Agreement and Authorizing the Sale Free and Clear of All Liens, Claims, Encumbrances and Interests, (2) Authorizing the Assumption and Sale and Assignment of Certain Executory Contracts and Unexpired Leases and (3) Granting Related Relief.

---

Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 783-2003

*Counsel for the Trustee*

PLEASE TAKE FURTHER NOTICE THAT the Cure Schedule is submitted with the following limitations. First, by including amounts due as February [ ], 2014 for pre-petition Contracts and Leases, the Trustee is not thereby admitting that any such Contract or Lease is executory or unexpired and subject to assumption under section 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). Second, inclusion of a Contract or Lease on the Cure Schedule does not mean that the Trustee necessarily will assume the Contract or Lease or that such Contract or Lease will be assigned to the Successful Bidder. Third, the Trustee does not waive his right to dispute any of the Cure Amounts listed on the Cure Schedule.

PLEASE TAKE FURTHER NOTICE THAT **your rights may be affected.** You **should read these papers carefully and discuss them with your attorney, if you have one in this case. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE THAT objections to the proposed Cure Amount set forth on the Cure Schedule, if any, must (a) be in writing, (b) set forth in reasonable detail the nature of and grounds for the objection, (c) set forth in reasonable detail the amount that the counterparty believes is the appropriate Cure Amount, and should be accompanied by a reasonably detailed statement supporting the counterparty's allegation of the appropriate Cure Amount, (d) conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Virginia (the "**Local Rules**"), and (e) be served on: (i) the Office of the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van

Jan-24-14   06:17pm   From-LeClair Ryan                          T-492  P.048/060  F-949

Arsdale; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel. Objections must be filed in the United States Bankruptcy Court for the Eastern District of Virginia and served so as to be received on or before **February 12, 2014 at 5:00 p.m. Eastern Time** (the "**Cure Objection Deadline**").

PLEASE TAKE FURTHER NOTICE THAT objections to the assumption and assignment to the Successful Bidder of any of the Contracts or Leases listed in the Cure Schedule, if any, must (a) be in writing, (b) set forth in reasonable detail the nature of and grounds for the objection, (c) conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Western District of Virginia (the "**Local Rules**"), and (d) be served on: (i) the Office of the United States Trustee for the Western District of Virginia, 210 First Street SW, Suite 505, Roanoke, Virginia 24011, Attn: Robert Van Arsdale; and (ii) counsel for the Trustee, LeClairRyan, A Professional Corporation, Riverfront Plaza, East Tower, 951 East Byrd St., Richmond, VA 23219, Attn: Vernon E. Inge, Jr. and Christian K. Vogel. Objections must be filed in the United States Bankruptcy Court for the Western District of Virginia and served so as to be received **no later than twenty-four hours prior to the commencement of the Sale Hearing** (the "**Assumption Objection Deadline**").

Unless an objection is filed and served before the Cure Objection Deadline, all counterparties to the Assumed and Assigned Contracts shall (i) be forever barred from objecting to the proposed Cure Amounts and from asserting any additional cure amount or other amounts with respect to the Assumed and Assigned Contracts, and the Trustee, the Debtor and the

3

Successful Bidder will be entitled to rely solely upon the proposed Cure Amounts set forth in the Cure Notice; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist.

Unless an objection to the assumption and assignment of an Assumed and Assigned Contract is filed and served before the Assumption Objection Deadline, all counterparties to the Assumed and Assigned Contracts shall (i) be deemed to have consented to the assumption and assignment; and (ii) be forever barred and estopped from asserting against the Trustee, the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assumed and Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assumed and Assigned Contracts.

WILLIAM F. SCHNEIDER, TRUSTEE


/s/ Christian K. Vogel
Counsel


Vernon E. Inge, Jr. (Virginia Bar No. 32699)
Christian K. Vogel (Virginia Bar No. 75537)
LeClairRyan, A Professional Corporation
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
(804) 783-2003

*Counsel for the Trustee*

4

**EXHIBIT A**
**(Cure Schedule)**